UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| OMAR QOLAYAH YISHRA'EL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00292-DCLC-SKL |
| | ) | |
| KEVIN WILSON, ET AL., | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**REPORT AND RECOMMENDATION**

This case is filed pro se and without payment of filing fees by Omar Qolayah Yishra'el ("Plaintiff"). Currently before the Court is Plaintiff's motion and application to proceed *in forma pauperis* ("IFP Application") [Doc. 1], and Plaintiff's motion to seal the case [Doc. 7]. For the reasons stated below, I **RECOMMEND** this case be dismissed pursuant to 28 U.S.C. § 1915(e), and the pending motions [Docs. 1 & 7] be terminated as moot, with no filing fee assessed.

**I.     STANDARDS**

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs seeking *in forma pauperis* status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted).

A claim may be dismissed under § 1915(e)(2)(B)(i) if it is "frivolous or malicious." A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations

of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327-28.

The standard required by § 1915(e)(2)(B)(ii) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted). The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In order to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a

2

'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

## II.  ANALYSIS

Plaintiff's complaint is 173 pages long, including exhibits.[1] In the "Facts" section, Plaintiff makes statements like, "[c]ease and desist your order to desecrate the people in Our Nation just because we will not submit to your lifestyle that is continually being rehearsed in the ears of our people that we forget the laws of heaven," and "[w]e have by proclamation and documentation who We are, where We are from and what We've proclaim [sic] as a lifestyle. So we don't keep your Gregorian calendar, We don't keep your festivals or your laws, statues, and judgements." [Doc. 2 at Page ID # 26].

It is unnecessary to list any further examples of Plaintiff's patently frivolous allegations. The "Legal Claims" section of the complaint is as rambling and incoherent as the "Facts" section. The Court has read the entire complaint and concludes that, even liberally construed, it should be dismissed because it fails to state a claim.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## III.  CONCLUSION

For these reasons, I **RECOMMEND**[2] this action be dismissed with prejudice, and the

---

[1] The first nine pages appear to be Plaintiff's actual complaint. The remaining 164 pages include a lengthy "Affidavit of Freedom of Religion, Culture and Lifestyle of Yisreal," and a document titled, "Scientific Dissenting Opinion in Support of Omar Yisrael's Status Correction," among other documents.

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general.

pending motions [Docs. 1 & 7] be terminated as moot.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).